**Roland H. WHEELER, Plaintiff— Appellant,**

v.

**Ralph TOWNSEND, Director of Idaho Department of Corrections; et al., Defendants—Appellees.**

No. 01–35838.

D.C. No. CV–01–00274–MHW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 31, 2004.

Decided June 4, 2004.

Roland H. Wheeler, Boise, ID, pro se.

J. Michael Keyes, Preston Gates Ellis, Spokane, WA, for Plaintiff–Appellant.

David G. High, Deputy Atty. General, Jeremy Chou, Office of Attorney General, John J. Burke, Hall Farley Oberecht & Blanton, Boise, ID, for Defendants–Appellees.

Before CANBY, WARDLAW, and GOULD, Circuit Judges.

## MEMORANDUM *

Idaho state prisoner Roland H. Wheeler appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, which alleged that Ralph Townsend and other Idaho Department of Corrections officials (hereinafter "Townsend") failed to provide him with adequate medical care and violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as well as section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. The district court *sua sponte* dismissed Wheeler's complaint, without prejudice, under 42 U.S.C. § 1997e(a) of the Prisoner Litigation Reform Act ("PLRA") for failure to adequately plead exhaustion of all available administrative remedies. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we find that the district court erred in *sua sponte* dismissing Wheeler's complaint for nonexhaustion.

Wheeler is a fifty-one year-old disabled man who suffers from back and leg pain, as well as other chronic health conditions including heart trouble and asthma. On December 12, 2000, Wheeler entered the Idaho State Correctional Institution ("ISCI") in Boise, Idaho. Wheeler alleges in his complaint that, during the intake process, ISCI guards locked him to a bench and confiscated his personal belongings, including a cane. Despite his repeated requests, prison officials allegedly did not provide Wheeler with a substitute cane for five weeks and, in addition, failed to adequately discuss, evaluate, and provide for his medical care.

Believing that his grievances had not been adequately remedied by prison administrators, Wheeler filed a *pro se* complaint in federal district court. Notably, when prompted with the statement "I have exhausted the grievance system" on his *pro se* complaint form, Wheeler marked "Yes" and attached a prison "Grievance/DOR Appeal Transmittal" dated March 20, 2001. On July 31, 2001, before Townsend filed an answer, the district court dismissed Wheeler's complaint *sua sponte* "due to [Wheeler's] failure to allege complete exhaustion of his administrative remedies."

The PLRA's exhaustion requirement is set forth in § 1997e(a), which states that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). While § 1997e(a) makes clear that exhaustion of administrative remedies is required to recover under the act, "[w]e have rejected treating PLRA exhaustion as a pleading requirement or requiring exhaustion to be established by the complaint." *Wyatt v. Terhune,* 315 F.3d 1108, 1120 (9th Cir.2003) (stating that "nonexhaustion under § 1997e(a) of the PLRA does not impose a pleading requirement"). Rather, " § 1997e(a) creates a defense—defendants have the burden of raising and proving the absence of exhaustion." *Id.* at 1119. Because, under *Wyatt,* the burden of raising and proving nonexhaustion lies with Townsend, not Wheeler, *see id.,* the district court erred as a matter of law by requiring that Wheeler plead complete exhaustion in his complaint.

Townsend acknowledges that the pleading requirement imposed by the district court conflicts with *Wyatt,* but nonetheless argues that nonexhaustion was so plain from the face of Wheeler's complaint that it either was "frivolous" or "fail[ed] to state a claim upon which relief can be granted" and, therefore, warranted *sua sponte* dismissal under § 1997e(c)(1). We

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

trace this line of reasoning back to *Wyatt's* assertion, in *dicta,* that "[a] prisoner's concession to nonexhaustion is a valid ground for dismissal...." *Wyatt,* 315 F.3d at 1120 (stating that such a dismissal may be appropriate but noting that "[t]he record is not clear ... that Wyatt has conceded [nonexhaustion]"). Even were we to accept *Wyatt's dicta* as controlling, however, the district court here could not have *sua sponte* dismissed Wheeler's complaint under § 1997e(c)(1) because Wheeler did not concede nonexhaustion. On the contrary, Wheeler affirmatively asserted that he had exhausted all available administrative remedies.

In light of the foregoing, we conclude that the district court's *sua sponte* dismissal of Wheeler's complaint for nonexhaustion was both factually and legally erroneous.

**REVERSED and REMANDED.**